## COMMONWEALTH *vs.* ARTHUR R. CAIN.

On the trial of an indictment for being a common seller of intoxicating liquors, and also for unlawful single sales during the time covered by the first count, the district attorney disclaimed all intention to rely on the sale alleged in one of those counts, as proof of either offence. *Held,* that the statements of a witness on cross-examination, in relation to that sale, were collateral and immaterial, and could not be contradicted.

INDICTMENT on *St.* 1855, *c.* 215, § 17, for being a common seller of intoxicating liquors, with additional counts for single unlawful sales, one of which (the fourth) was for a sale on the 22d of August 1858 to Francis Taylor. Trial in the court of common pleas in Hampshire at December term 1858, before *Bishop,* J., who signed a bill of exceptions, of which the following is the material part: " The first witness called by the gov ernment was one Murray. The district attorney asked him in regard to sales by the defendant between April 1st and August 22d, saying to him, ' You need not say anything about the

second sale on the 22d of August; only the first;' or words to that effect. And the witness testified, among other things, to one sale to him on the 22d of August. On cross-examination and in answer to questions put by the defendant's counsel, the witness testified that he was present on the 22d of August, and saw a sale of liquors, other than that proved by the government made by the defendant at his shop in Ware, to Francis Taylor and stated the circumstances of the sale and who were present and that he was as certain in regard to said sale to Taylor as he was in regard to any part of his testimony. There was no other evidence in the case of any sale to Francis Taylor, and the district attorney stated that he did not intend to rely upon that count, and should not contend that there was any evidence of such sale. The defendant called witnesses to prove, and offered to prove, that said Murray was not present at any sale by the defendant to Taylor, and testified to by him, and that there was no sale by the defendant on the occasion testified to by Murray on his cross-examination, and that his testimony in that particular was false. But the district attorney objected, and the court excluded the evidence. The jury found a verdict of guilty on the first count, and not guilty on the others. And to the above rulings and decisions the defendant excepts."

*G. M. Stearns*, for the defendant. The district attorney, by disclaiming any intention to rely on that portion of Murray's testimony, upon a material point, which he had ascertained the defendant could contradict, while he still relied on Murray's testimony in other particulars, could not relieve Murray of his liability to an indictment for perjury, nor deprive the defendant of the right to contradict him upon that point.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

METCALF, J. The only question in this case, which has not been previously adjudged in other cases, is, whether the defendant ought to have been permitted to show that the testimony of Murray was false, as to a sale to Taylor, on the 22d of August 1858. In the fourth count in the indictment, the defendant was charged with a single sale to Taylor on that day. But the district attorney disclaimed all intention to support the first

count by proof of any sale on that day, besides a sale to Murray himself, and also disclaimed the intention to prove the charge in the fourth count. Any other sale by the defendant, on that day, was thereby made irrelevant and immaterial to the issue. And the defendant, by cross-examining Murray as to any other sale on that day, introduced collateral and immaterial matter, and thereby, in the opinion of a majority of the court, brought himself within the settled rule, that when a question is put to a witness, which is collateral or irrelevant to the issue, his answer cannot, for the purpose of discrediting him, be contradicted by the party who asked the question. 1 Greenl. Ev. § 449. *Tennant* v. *Hamilton*, Maclean & Robinson, 821. *Harrington* v. *Lincoln*, 2 Gray, 133. *Farnum* v. *Farnum*, 13 Gray, 512. *Exceptions overruled.*